JENNY L. FOLEY, Ph.D., ESQ.
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
HKM EMPLOYMENT ATTORNEYS LLP
101 Convention Center Dr., Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

BONNIE LARKIN, an Individual,

    Plaintiff,

vs.

UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, a political subdivision of Clark County, State of Nevada; DOES I - X; ROE CORPORATIONS I - X.

    Defendants.

CASE NO.:

**COMPLAINT AND JURY DEMAND**

Plaintiff BONNIE LARKIN ("**Ms. Larkin**" or "**Plaintiff**") by and through her attorneys, Jenny L. Foley, Ph.D., Esq. of HKM Employment Attorneys LLP, hereby complains and alleges as follows:

**JURISDICTION**

1. This is an action for damages brought by Plaintiff for discrimination and retaliation under the Americans with Disabilities Act ("**ADA**") of 1990, 42 U.S.C. § 12101 *et. seq.*; for violation of Nevada Revised Statute § 613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. § 2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court

has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3.  All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4.  On or about February 8, 2022, Plaintiff initiated the process of filing a Charge of Discrimination against her employer, the Defendant named in this action, with the Equal Employment Opportunity Commission ("EEOC") wherein she alleged discrimination based on disability and retaliation.

5.  On or about September 29, 2022, Plaintiff received her Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC").

6.  This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7.  Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## GENERAL ALLEGATIONS

8.  Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9.  Plaintiff is a United States citizen and is a current resident of Clark County, Nevada, and has been at all times relevant herein.

10. Defendant UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA ("UMC" or "Defendant") is a political subdivision of Clark County, State of Nevada, which provides hospital services in Clark County, Nevada.

11. Prior to her employment with UMC, Plaintiff was diagnosed with the following conditions that affects her life activities: a hearing disorder, Severe Generalized Anxiety Disorder, Chronic Obstructive Pulmonary Disease ("COPD"), panic attacks complicated by a history of heat stroke, as well as Post-Traumatic Stress Disorder ("PTSD").

12. These disabilities substantially limit one or more of Plaintiff's life activities.

13. In or around August 2018, UMC hired Plaintiff as a Certified Surgical Technologist.

14. Sometime prior to May of 2021, Plaintiff received a reasonable accommodation regarding her hearing issue.

15. On or about May of 2021, Plaintiff requested further accommodation from Defendant for her Severe Generalized Anxiety Disorder, COPD, panic attacks complicated by history of heat stroke, and PTSD.

16. Upon information and belief, Plaintiff's physician recommended that she have limited exposure to or avoidance of exposure to confined, heated spaces, as they are triggers for her panic attacks.

17. Plaintiff made this request as she had been assigned to Dr. Syed Saquib's ("**Dr. Saquib**") operating room.

18. Upon information and belief, Dr. Saquib, keeps his operation room at approximately one hundred (100) degrees Fahrenheit as he treats burn patients.

19. Repeated exposure to Dr. Saquib's operating room would adversely affect Plaintiff's physical condition as the confined, heated space is a trigger for her physical disabilities.

20. Plaintiff's accommodation request would limit her assignment to Dr. Saquib's operating room to avoid triggering her disabilities.

21. Defendant, however, denied Plaintiff's accommodation request.

22. Upon information and belief, Defendant denied Plaintiff's accommodation request because Plaintiff's doctor allegedly submitted documentation indicating that Plaintiff are unable to work on "Burn" cases.

23. This is incorrect as the requested accommodation request did not refer to Plaintiff's ability to work on "Burn" cases.

24. Similarly, upon information and belief, Anna Caputo ("**Ms. Caputo**"), Equal

Opportunity Manager for Human Resources at UMC, determined that an "essential function" of a Certified Surgical Technologist is that the Certified Surgical Technologist be able to work "*whichever case the department needs [the Certified Surgical Technologist] to work.*"

25. The essential function and job duties of a Certified Surgical Technologist do not include working whatever cases UMC needs her to work without regard to Federal Laws requiring reasonable accommodation.

26. It was unreasonable for UMC to reject Plaintiff's accommodation request to limit her exposure to or avoidance of exposure to confined, heated spaces, as they are triggers for physical disabilities.

27. After Plaintiff's reasonable accommodation request was denied by Ms. Caputo, Plaintiff was told that she was a candidate for medical separation from her position.

28. During a phone conversation on or about July 23, 2021, Ms. Caputo told Plaintiff that she could either be transferred to a "Holding Cost Center" pending her finding another position at UMC or be medically separated.

29. Believing that she would lose her job if she did not agree to move to the Holding Cost Center, Plaintiff agreed to the move and was placed on FMLA.

30. On August 31, 2021, Ms. Caputo told Plaintiff that because she submitted an accommodation request, Plaintiff would never be permitted to be a Certified Surgical Technologist at UMC "ever again."

31. On or about September 21, 2021, Plaintiff apprised UMC's Human Resources about the discrimination she was receiving and attempted to amicably resolve the dispute through her retained legal counsel.

32. Plaintiff's request for reinstatement was denied.

33. In or around December 2021, Plaintiff was discharged from her position.

34. Upon information and belief, Defendant acted toward Plaintiff with an intent to discriminate against her based on her disability.

35. When Plaintiff complained of the on-going disability discrimination against her,

Defendant ignored Plaintiff's complaints and instead retaliated against her by terminating her employment.

# FIRST CAUSE OF ACTION

### (Discrimination Based on Disability in violation of State and Federal Statutes)

36. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

37. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on disability or a combination thereof.

38. At all relevant times, Plaintiff had a qualifying disability: a hearing disorder, Severe Generalized Anxiety Disorder, Chronic Obstructive Pulmonary Disease ("COPD"), panic attacks complicated by a history of heat stroke, as well as Post-Traumatic Stress Disorder ("PTSD").

39. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 *et. seq.*, Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, and thus, has a legal obligation to provide Plaintiff with a work environment free from discrimination and harassment.

40. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by knowingly taking adverse employment actions against Plaintiff because of her disability.

41. Defendant improperly rejected Plaintiff's reasonable request for an accommodation limiting her exposure to or avoidance of exposure to confined, heated spaces, as they are triggers for her panic attacks.

42. However, Defendant rejected the request outright and improperly determined that the request prevented Plaintiff from working on any "Burn" cases.

43. Thereafter, Plaintiff was removed from her position and told that because she submitted an accommodation request, Plaintiff would never be permitted to be a Certified

Surgical Technologist at UMC "ever again."

44. No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

45. Plaintiff suffered adverse economic impact due to Defendant's discriminatory behavior and termination.

46. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

47. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

48. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

49. Pursuant to the Americans with Disabilities Act, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

50. Plaintiff suffered damages in an amount deemed sufficient by the jury.

51. Plaintiff is entitled to an award of reasonable attorney's fees.

52. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her disability.

53. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

**(Retaliation under Federal Law, 42 U.S.C. §12101 *et. seq.* and State Law, NRS 613.340)**

54. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

55. In violation of 42 U.S.C. §12101 *et. seq.*, Defendant retaliated against Plaintiff

after she complained of acts which she reasonably believed were discriminatory.

56. In violation of NRS 613.340 Defendant retaliated against Plaintiff after she complained of acts, which she reasonably believed were discriminatory.

57. After Plaintiff complained to Defendant regarding the discriminatory treatment she had suffered, Defendant retaliated against Plaintiff by terminating her employment.

58. There may be additional detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

59. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

60. Plaintiff suffered damages in an amount deemed sufficient by the jury.

61. Plaintiff is entitled to an award of reasonable attorney's fees.

62. Defendant is guilty of oppression, fraud, or malice, express or implied, because Defendant knowingly and intentionally retaliated against Plaintiff because she submitted a complaint of disability discrimination to Human Resources.

63. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## THIRD CAUSE OF ACTION

### (Infliction of Emotional Distress)

64. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

65. Defendant's conduct toward Plaintiff was extreme, outrageous, and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.

66. Defendant's conduct was extreme, outrageous, and undertaken with either intent or reckless disregard for causing Plaintiff emotional distress.

67. Defendant had a duty to refrain from engaging in the hostile and retaliatory acts as described above.

68. Defendant breached that duty.

69. Defendant's intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

70. Defendant must pay damages in an amount to be determined at trial but for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

71. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

72. Plaintiff has had to obtain the services of an attorney to protect her rights and secure compensation for the damages incurred as a result of these violations and therefore, she is entitled to recover reasonable attorney's fees and costs against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays this court for:

a. A jury trial on all appropriate claims;

Moreover, to enter judgment in favor of the Plaintiff by:

b. Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, and otherwise make her whole in accordance with the ADA and for certain claims brought pursuant to the Nevada Revised Statutes;

c. General damages;

d. Special damages;

e. An award of compensatory and punitive damages to be determined at trial;

f. Liquidated damages;

g. Pre and post-judgment interest;

h. An award of attorney's fees and costs; and

1         i. Any other relief the court deems just and proper.

2    Dated this 27th Day of December, 2022.

                                        **HKM EMPLOYMENT ATTORNEYS, LLP**

                                        _____Jenny . L Foley_____
                                        **JENNY L. FOLEY, Ph.D., Esq.**
Nevada Bar No. 9017
101 Convention Center Dr., Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*