UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BONNIE LARKIN,<br><br>　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA,<br><br>　　　　　　　　Defendant(s). | Case No. 2:22-CV-2146 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant University Medical Center of Southern Nevada's ("UMC") motion to dismiss the plaintiff's complaint, motion to strike punitive damages, and motion for a more definite statement.  (ECF No. 5).  Plaintiff Bonnie Larkin responded (ECF No. 8), to which UMC replied (ECF No. 9).

**I.	Background**

This is an employment discrimination and retaliation case.  Plaintiff alleges she is disabled under the Americans with Disabilities Act (ADA) and related Nevada law, suffering from severe generalized anxiety disorder, chronic obstructive pulmonary disease, and post-traumatic stress disorder with a history of heat strokes.  (*Id.* at 2–3).  Due to her PTSD, plaintiff's doctor recommended that she limit her exposure to confined, heated spaces.  (*Id.* At 3).

UMC employed plaintiff as a certified surgical technologist ("CST") from 2018 to 2021. (ECF No. 1 at 3).  In 2021, plaintiff made an accommodations request for limited assignment to one particular surgeon's operating room (Dr. Saquib) because he kept the temperature at around 100 degrees Fahrenheit for treating burn patients, and this would likely trigger plaintiff's panic attacks.  (*Id.*).  Plaintiff alleges that UMC rejected this request and told plaintiff she would be

**James C. Mahan**
**U.S. District Judge**

transferred to a "Holding Cost Center" pending availability of another position or she would be medically discharged. (*Id.* At 4). Plaintiff further alleges that UMC's human resources manager told her she would not be allowed to work as CST "ever again" because she made an accommodations request. (*Id.*). After transferring, plaintiff retained an attorney who contacted UMC regarding its alleged discrimination against the plaintiff. (*Id.*). Plaintiff was discharged some weeks after her attorney contacted UMC. (*Id.*).

Plaintiff filed this action in 2022, after exhausting her administrative remedies, alleging disability discrimination and retaliation under both federal and state law and infliction of emotional distress. UMC now moves to dismiss all claims.

## II.   Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the
2  alleged misconduct. *Id.* at 678.
3       Where the complaint does not permit the court to infer more than the mere possibility of
4  misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*
5  (internal quotation marks omitted). When the allegations in a complaint have not crossed the line
6  from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.
7       The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
8  1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Motion to Dismiss

In its argument to dismiss the plaintiff's claims, UMC refers to factual matters not alleged in the plaintiff's complaint.[1] The court typically may not consider matters outside of the pleadings on a motion to dismiss unless it elects to treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (discussing Rule 12(d) and what matters may be considered outside the complaint). This court will not treat UMC's motion as one for summary judgment and therefore will not consider those matters not alleged in the plaintiff's complaint.

. . .

---

[1] To provide some examples, UMC claims that plaintiff was previously excused from working on a rare surgery assignment as an accommodation for her hearing impairment (ECF 5 at 2); that UMC engaged in an interactive process with the plaintiff upon notification of plaintiff's accommodation request (*id.*); that an essential function of the CST position is to work on burn-related surgeries due to the frequency with which CSTs are assigned to such surgeries (ECF 5 at 3); etc. None of the foregoing was alleged in the plaintiff's complaint. (*See generally* ECF 1).

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Disability Discrimination Under State and Federal Law*

The court finds that the plaintiff has sufficiently pled her disability discrimination claim. The elements of discrimination under the ADA are: "(1) [the plaintiff] is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). Applicable state law has similar requirements.  Nev. Rev. Stat. 613.330 et. seq.

UMC first argues that plaintiff did not plead facts sufficient to state a claim for disability discrimination because she is not a "qualified individual" under the ADA. (ECF 5 at 6).  According to UMC, working in confined and heated spaces is an essential function of the CST position, which the plaintiff "lacked the ability" to do. (ECF 5 at 6–7).  UMC further argues that reasonable accommodations were in fact provided for the plaintiff in the form of a transfer.  (ECF 5 at 7). Plaintiff argues that whether she could perform the essential functions of the job with accommodations, and whether the transfer qualified as a reasonable accommodation, are factual disputes not suited for disposition on a motion to dismiss.  (ECF 8 at 10).  The court agrees with the plaintiff.

Taking the plaintiff's well-pled allegations as true, she worked for UMC as a CST for several years, without incident, prior to her 2021 accommodations request (ECF 1 at 3–4). Plaintiff's relevant disability predates her employment with UMC.  (ECF 1 at 2).  A reasonable inference can be drawn, therefore, that the plaintiff was able to perform the essential functions of the job with or without reasonable accommodation as she had already done so for several years. It was only after the plaintiff requested not to be assigned to Dr. Saquib's operating room that she was allegedly told by UMC's human resources manager that she was not qualified to work as a CST.  (ECF 1 at 3–4). Without making a factual finding, plaintiff's request for limited assignment to only one specific operating room appears reasonable on its face, and the failure to provide reasonable accommodation may constitute an adverse employment action. *See Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1232 (9th Cir. 2003) ("On the face of the ADA, failure to provide reasonable accommodation to an 'otherwise qualified individual with a disability' constitutes

discrimination."). In sum, the plaintiff need only make factual *allegations* at this juncture—she is not required to *prove* those allegations, nor will the court make factual determinations on a motion to dismiss. *See Iqbal* 556 U.S. at 678–79 (explaining that the reviewing court should *assume* the veracity of well-pled allegations).

    The plaintiff's first claim may proceed.

    *Retaliation Under State and Federal Law*

    "To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849–50 (9th Cir. 2004). Nevada's anti-retaliation statute tracks federal law. *Slack v. United Airlines, Inc.*, No. 2:18-CV-899-GMN-CWH, 2019 WL 1446970, at *4 (D. Nev. Mar. 29, 2019). UMC argues that the plaintiff "cannot establish" the third prong of her retaliation claim by relying on facts not stated in the complaint, and additionally argues that the plaintiff's complaint is devoid of specific allegations that plausibly suggest retaliation. (ECF 5 at 8–9).

    The court finds that plaintiff has provided sufficient specific allegations in her complaint to draw a reasonable inference of retaliation. Plaintiff alleges that the human resources manager told her she would not be allowed to work as a CST because she made an accommodations request; she alleges that she was given a Hobson's choice between transferring to a completely different position or accepting a medical separation; she alleges that she requested reinstatement of her old position and was denied; and she alleges that she was discharged some weeks after her attorney reached out to UMC regarding its alleged illegal discrimination. (ECF 1 at 3–4). "Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).

    The plaintiff's second claim may proceed.

. . .

. . .

James C. Mahan
U.S. District Judge

- 5 -

*Infliction of Emotional Distress*

Plaintiff does not specify whether her third cause of action is based on intentional or negligent infliction of emotional distress, but regardless, it cannot proceed. Plaintiff's emotional distress claim is based upon the same alleged illegal employment practices underlying her discrimination and retaliation claims. The Nevada Supreme Court, and other courts in this district, have held that Nev. Rev. Stat. § 613.330 et seq. "provides the exclusive remedy for tort claims premised on illegal employment practices." *Salehian v. Nevada State Treasurer's Off.*, 618 F. Supp. 3d 995, 1014 (D. Nev. 2022); *see Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev.1989) ("the Legislature has addressed the gravity of violating Nevada's public policy against age discrimination by defining the extent of the remedy available to parties injured by such discrimination."); *D'Angelo v. Gardner*, 819 P.2d 206, 217 n. 10 (Nev.1991) ("no additional court-created remedies . . . arise out of age-based wrongful discharge for which tort recovery is available by statute.").

Accordingly, the court dismisses the plaintiff's third cause of action without prejudice to allow her an opportunity to plead alternative grounds for infliction of emotional distress that are not precluded.

*Punitive Damages*

UMC moves to strike the plaintiff's request for punitive damages on the ground that they are not recoverable against a political subdivision under both federal (citing 42 U.S.C. § 1981a(b)(1)) and state law (citing Nev. Rev. Stat. 41.035). (ECF 5 at 12–13). Plaintiff does not dispute this and withdraws her request for punitive damages. (ECF 8 at 13).

The court strikes plaintiff's request for punitive damages.

**B.  Motion for More Definite Statement**

Finally, UMC moves for a more definite statement. A motion for a more definite statement is made pursuant to Fed R. Civ. P. 12(e) and requires the filing of an amended pleading where the initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail." *Woods v. Reno Commodities, Inc.,* 600 F. Supp. 574, 580 (D. Nev. 1984). "[A] motion

**James C. Mahan**
**U.S. District Judge**

for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Conta v. City of Huntington Beach*, No. 8:21-cv-01897, 2022 WL 3574439, at *3 (C.D. Cal. June 22, 2022) (internal quotation omitted).

Plaintiff's complaint is not so unintelligible that UMC cannot form a response because UMC actually filed a response to the complaint in the form of a motion to dismiss. Plaintiff's complaint was sufficiently intelligible because UMC had no trouble addressing her causes of action and disputing the specific allegations supporting those causes of action. Moreover, any lack of specificity in the plaintiff's complaint may be addressed by UMC in discovery. *See Beery v. Hitachi Home Elecs. (AM)*, 157 F.R.D. 477, 480 (C.D. Cal. 1993) ("If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied.").

The court denies UMC's motion for a more definite statement.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that UMC's motion to dismiss the complaint (ECF No. 5) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that plaintiff's third cause of action for infliction of emotional distress (ECF No. 1) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiff's request for punitive damages is STRICKEN.

IT IS FURTHER ORDERED that plaintiff's request to amend her complaint is DENIED as moot.

DATED August 21, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**